ADAM PAUL LAXALT
Attorney General
GABRIEL D. LITHER
Senior Deputy Attorney General
Nevada Bar No. 6039
MERCEDES S. MENENDEZ
Deputy Attorney General
Nevada Bar No. 9443
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
P: (702) 486-3356
F: (702) 486-3871
Email: glither@ag.nv.gov
*Attorneys for State of Nevada, ex. rel.*
*Division of Healthcare Finance & Policy*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SYLVIA GIANCONTIERI & VICTORIO JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex. rel. Division of Health Care Finance & Policy, and DOE Defendants I-X,<br><br>Defendants. | Case No. 3:17-cv-00722-LRH-WGC<br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

1. To the extent that relevant, non-privileged material contained in the state employee personnel records maintained by the State of Nevada, Division of Human Resource Management or the personnel office of the Department of Health and Human Services and Division of Public and Behavioral Health (the "Division") may be discoverable in this action, the parties stipulate that this Court may find, and this Court does so find, that such material may be necessary for the determination of an issue before the Court and, therefore, may be disclosed to the Court and to the attorneys representing the Plaintiff and Defendant, provided that such disclosure occurs only in strict accordance with the terms of this Order.

2. The parties to this action submit this Stipulation and Protective Order (hereinafter "Order") solely for the purpose of facilitation the exchange of documents and information between the

1

1 parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor
2 the production of any information or documents under the terms of this Order nor any proceedings
3 pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of
4 altering the confidentiality or non-confidentiality of any such document or information or altering any
5 existing obligation of any party or absence thereof.

6     3.     The parties define "State personnel records" as the personnel records identified in Nevada Administrative Code ("NAC") 284.718. The parties acknowledge, and the Court finds, that State personnel records of current and former state employees, which are the subject of this Confidentiality Stipulation and Order (referred to herein as "Confidentiality Order" or "Order"), contain information that is generally protected from disclosure to the public by NAC 284.718, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone not a party to this litigation, including but not limited to third parties or publication media in any format, except in strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of the Division or other personnel records not included in NAC 284.718 and which are otherwise deemed public records.

16     3.     Information contained in the State's personnel records which is deemed confidential pursuant to Nevada Administrative Code and which is the subject of this Confidentiality Order or pursuant to any subsequent Court Order, shall be used only for pretrial proceedings in this litigation, preparation for trial, the trial of this action, any post-trial proceedings and any appeal, subject to the terms of this Order, and shall not be used without the express written consent of the Division or its counsel.

21     4.     The parties may not disclose or discuss any confidential material or information produced pursuant to this Confidentiality Order to any person other than the Court and Court personnel; Court reporters and stenographic reporters working in this matter; attorneys engaged in the prosecution and defense of this action including the regular staff of all such attorneys; the parties, experts and consultants retained by the parties for purposes of this litigation; witnesses and their counsel at depositions or at any hearing or trial held herein or in connection with preparation for such hearing or trial; employees of a party, expert or consultant to the extent reasonably deemed necessary by counsel for the purpose of assisting in the prosecution or defense of this action, and only on the condition set forth in paragraph 5

below.

5. If a party provides any person other than the Court and its staff, a party, counsel for a party, or a direct employee of such counsel, access to information pursuant to paragraph 5 hereof, without the express written consent of the Division or its counsel, the providing party shall give a copy of this Order to the person given access to the information. Such persons shall be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or order of this Court to receive such information. Furthermore, any such person shall sign a copy of the Statement of Confidentiality attached hereto and made apart hereof as Exhibit A, prior to being furnished with any such information.

6. Unless otherwise ordered by the Court, any electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number or birth date, the name of an individual known to be a minor, or a financial account number will comply with Fed. R. Civ. P. 5.2.

7. Any willful violation of the terms of this Confidentiality Order may result in sanctions to be determined by the Court upon motion, up to and including exclusion from evidence of information released or communicated in violation of this Confidentiality Order.

8. At the conclusion of this case, all discovery material produced pursuant to this Confidentiality Order, or another Court Order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material that the documents were destroyed. Notwithstanding the foregoing, counsel may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, a copy of the confidential material produced in this case and any attorney work product reflecting confidential material.

12. The Confidentiality Order and the related Statements of Confidentiality executed hereunder, shall remain in force and effect in perpetuity and shall survive this litigation.

13. The parties acknowledge that the parties have stipulated to the terms of this Confidentiality

3

Stipulation and Order, intending that it shall govern disclosures of material from records of the Division, unless and until such time as the Court modifies this Order. Nothing contained herein is intended to limit the parties' access to the Court or their ability to seek or modify this Order.

Dated this 27th day of February, 2018.

MARK MAUSERT LAW

By: /s/ Mark Mausert
MARK MAUSERT, ESQ.
State Bar No. 2398
CODY OLDHAM, ESQ.
State Bar No. 14594
930 Evans Ave
Reno, Nevada 89431

Dated this 27th day of February, 2018.

ADAM PAUL LAXALT
Attorney General

By: /s/ Gabriel Lither
GABRIEL D. LITHER
Deputy Attorney General
State Bar No. 6039
555 E. Washington Ave, Suite 3900
Las Vegas, Nevada 89101
*Attorneys for State of Nevada, ex. rel.
Division of Healthcare Finance & Policy*

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that,

The state employee personnel records which may be maintained by the State of Nevada ex re. Division of Health Care Financing and Policy, and which may be discoverable in this action, are confidential and may be released and disclosed in this litigation, *Giancontieri v. State, et al.*, United States District Court Case No. 3:17-cv-722-LRH-WGC only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

The parties may agree, as they have, that they will continue to be bound "in perpetuity" by the terms and provisions of their Confidentiality Stipulation. However, the court's jurisdiction over the Stipulation will conclude when an Order of Dismissal is entered herein.

**IT IS SO ORDERED.**

DATED: February 28, 2018.

*William G. Cobb*
_____
UNITED STATES MAGISTRATE JUDGE

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

# Exhibit A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in *Giancontieri v. State, et al.*, United States District Court Case No. 3:17-cv-00611-LRH-WGC. I understand this Order and agree to abide by its terms by not disclosing confidential information to anyone other than that Court, counsel, employees or clerical staff subject to his order, except as required by lawful judicial process.

_____  _____
Signature                        Date

_____
Print Name/Title